Ray **RUSSELL**, Angelo **Rainaldi**, John **Gulick**, and Edward **Hess**, Plaintiffs,

THE **BOARD OF PLUMBING EXAMINERS OF THE COUNTY OF WESTCHESTER** and THE **COUNTY OF WESTCHESTER**, Defendants.

No. 98 CIV. 0725 CLB.

United States District Court, S.D. New York.

Sept. 28, 1999.

340

Kim Berg, Lovett & Gould, White Plains, NY, for Plaintiffs.

Hillary J. Raimondi, Westchester County Attorney's Office, White Plains, NY, for Defendants.

Robert M. Kerrigan, New York City, for Amicus.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

By motion filed on August 18, 1999, and heard on September 17, 1999, plaintiffs Ray Russell, Angelo Rainaldi, John Gulick, and Edward Hess move pursuant to Rule 56, Fed.R.Civ.P., for summary judgment in this action for injunctive relief under the Fourteenth Amendment to the United States Constitution and § 7 of the Privacy Act of 1974. Plaintiffs' claims are supported by the brief of Amicus Curiae United Plumbers of Westchester, Inc., a trade association comprised of Master Plumbers. Defendants filed opposition papers on August 24, 1999, and Plaintiffs filed reply papers on September 7, 1999.

By motion filed August 18, 1999, and heard September 17, 1999, defendants Board of Plumbing Examiners of the County of Westchester and the County of Westchester move pursuant to Rule 56, Fed.R.Civ.P. for summary judgment. Plaintiffs filed opposition papers on September 7, 1999.

### FACTUAL BACKGROUND

Plaintiffs Ray Russell, Angelo Rainaldi, John Gulick, and Edward Hess are Master Plumbers.

The County of Westchester comprises six separate incorporated cities; Mount Vernon, New Rochelle, Peekskill, Rye, White Plains and Yonkers, together with nineteen towns; Bedford, Cortlandt, Eastchester, Greenburgh, Harrison, Lewisboro, Mamaroneck, Mount Kisco, Mount Pleasant, New Castle, North Castle, North Salem, Ossining, Pelham, Pound Ridge, Rye, Scarsdale, Somers and Yorktown, as well as twenty-three villages located within one or more towns; Ardsley, Briarcliff Manor, Bronxville, Buchanan, Croton–on–Hudson, Dobbs Ferry, Elmsford, Harrison, Hastings–on–Hudson, Irvington, Larchmont, Mamaroneck, Mount Kisco, Ossining, Pelham, Pelham Manor, Pleasantville, Port Chester, Rye Brook, Scarsdale, Sleepy Hollow, Tarrytown and Tuckahoe. The County of Westchester comprises 450 square miles, and has an estimated population of 900,000.

Prior to January 1, 1996, persons seeking to engage in the work of a Master Plumber obtained licenses in those municipalities which had determined to license that occupation. To obtain a license they were required to pass a test and pay a fee. Four communities, The Village of Larchmont, and the towns of Lewisboro, North Salem, and Somers, did not require a license for Master Plumbers. The County of Westchester did not have statutory authority to issue a Master Plumbers license which would be valid everywhere in the County. The County did not then and does not now enforce local building and plumbing codes, and permits where required for new work were then and are now issued in the local municipality.

By Chapter 563, § 2 of the Laws of 1993, the New York State Legislature enacted § 236 of the County Law effective July 28, 1993. That statute reads as follows:

§ 236. County plumbing licensing

1. Notwithstanding the provisions of the general city law or any other law to the contrary, the county of Westchester is hereby authorized to establish a Westchester county board of plumbing examiners and to empower such board to assume all licensing duties within the county of Westchester with respect to the licensure of plumbers. The county of Westchester shall provide for plumbers' duties and responsibilities in accordance with the local law of such county.

2. Local laws enacted pursuant to this section shall supercede the provisions of any licensing requirements promulgated by a city pursuant to the general city law.

By Local Law 13–1995, adopted by the Westchester County Board of Legislators on October 16, 1995, and approved by the County Executive on October 20, 1995, ("the Law") the County amended its Administrative Code to provide for the exami-

nation and County-wide licensing of Master Plumbers and Journey Level Plumbers to be administered by the Board of Plumbing Examiners of the County of Westchester ("the Board"). Familiarity with those provisions of the Administrative Code on the part of the reader is assumed. Relevant portions of the Code provide as follows:

§ 277.508. EXAMINATION; EXCEPTIONS.

\* \* \* \* \* \*

D. Master Plumber Grandfather Clause

(1) All licensed Master Plumbers within the county of Westchester as of January 1, 1996, who have actively performed as a Master Plumber within a period of one (1) year prior to January 1, 1996, shall be issued a Master Plumber's License by the County Board of Plumbing Examiners restricted to the communities in which said Master Plumbers were licensed on January 1, 1996. The annual fee for this restricted License shall be $50.00 for each municipality in which such person is licensed on January 1, 1996, but in no event, shall such total fee for a restrict License exceed $500.00.

(2) Those individuals working in towns not requiring Licenses on January 1, 1996, may receive form the County Board of Plumbing Examiners a Master Plumber's License restricted to those towns upon application to and at the discretion of the County Board of Plumbing Examiners based upon the standards set forth in the Board's rules and regulations. The annual fee for this type of restricted License shall be $50.00 for each town in which such person is working on January 1, 1996.

(3) No application for any restricted Master Plumber's License shall be accepted after December 31, 1996.

(4) Nothing in this section shall be construed to obviate the requirement of this Article for all new applicants and present licensed Master Plumbers who de-

sire a County-wide Master Plumber's License to apply for an application and examination for a County-wide Master Plumber's License.

E. Journey Level Grandfather Clause. All persons having worked principally as a full time Journey Level Plumber for licensed Master Plumbers in Westchester County for a total of five (5) years prior to January 1, 1996, shall be issued a Journey Level Certification to work as a Journey Level Plumber in the County of Westchester upon producing satisfactory proof of said employment to the County Board of Plumbing Examiners that sets the standards for such set forth in the Board's rules and regulations. The annual fee for this Journey Level Certification shall be $50.00. No application for Journey Level Certification under the provision of this grandfather clause shall be accepted after December 31, 1997.

We note that prior to January 1, 1996, there was no licensing requirement whatever for a Journey Level Plumber, and the work was done by persons who had various levels of experience and knowledge.

The definitions of Master Plumber and Journey Level Plumber are found in the County Code at § 277.502.

MASTER PLUMBER—Any person who engages in or carries on the business of plumbing as defined herein.

JOURNEY LEVEL PLUMBER—A person who is employed by and under the direction of a licensed Master Plumber, who has completed an apprenticeship as is required herein and has successfully completed an examination for certification as a Journey Level Plumber.

An Apprentice Plumber is defined as "a person who is learning the plumbing trade under the direct supervision and control of a licensed Master Plumber, or under the direct supervision and control of a licensed Journey Level Plumber who is employed by a licensed Master Plumber." Plumbing

is defined by the same article, incorporating by reference the definitions employed in each municipality within the County, in local ordinances or codes governing plumbing work, and in the absence of such codes as defined in the New York State Uniform Fire Prevention and Building Code, with underground utility construction exempted.

The Code requires five (5) years apprenticeship to receive a Journey Level certification, and the Journey Level plumber must have five years experience in the employ of a licensed Master Plumber to qualify for a Master Plumber's license.

We note in passing that insofar as concerns members of a craft union in the plumbing trade, apprenticeship and service at the journey level before becoming a Master Plumber, have been required for many years. However, in the non-union field all that a Master Plumber needed to do was pass the test and pay the fee in order the quality for a Master Plumbers license in most communities, and there were no licensing requirements for a person desiring to work as an Apprentice or Journey Level Plumber.

Since January 1, 1996, only licensed Master Plumbers can engage in the business of plumbing as a Master Plumber in Westchester County. All plumbing work in Westchester County with exceptions not material, must be performed under the supervision of a Master Plumber. The Master Plumber may use only apprentices, Journey Level Plumbers, or other Master Plumbers in performing plumbing work. Only the Master Plumber interfaces with the customer.

Based on deposition testimony and the Second Amended Complaint in this case, filed July 15, 1999, each Plaintiff was a Master Plumber in at least one local jurisdiction prior to the enactment of the County Code Amendment. Except for Plaintiff Edward Hess, who now holds a County-wide license, each Plaintiff now possesses a limited license based on grandfathering, which allows him to practice the art of a Master Plumber only in those communities in which he was licensed at the time of the enactment. As will be noted from the statutory scheme quoted above, the grandfathered rights of Plaintiffs do not include the right to continue to obtain licenses in other communities within the County where reciprocity was formerly permitted. So, the right to enlarge a limited grandfathered license by reciprocity has been destroyed. This is one of the items of grievance in the Complaint.

Plaintiff Ray Russell showed that he passed the Eastchester test for a Master Plumber, and thereafter became licensed in Bronxville, a village located within the Town of Eastchester, without taking a test, probably by reciprocity. He took the County test and failed. He now holds a restricted County license limited to Eastchester, Bronxville, North Salem, Lewisboro, Somers and Larchmont. He was denied the right to retake the examination on November 9, 1996, because he had not provided the documentation required by the law. We discuss this aspect of the case below in connection with the Privacy Act claim.

Plaintiff Angelo Rinaldi obtained a Master Plumbers License in 1968 from the Town of Mount Pleasant by passing the test, and a Town of Harrison license by passing its test in the following year. He now holds a County license limited to the Towns of Harrison and Mount Pleasant, the Village of Port Chester, the Towns of North Salem, Somers, Lewisboro and the Cities of White Plains and Rye, the Town of Greenburgh, the Village of Larchmont, Rye Brook, Tarrytown, Dobbs Ferry, Sleepy Hollow, Irvington and Bronxville. He did not take the County examination.

Plaintiff John Gulick has been a Master Plumber since 1949. He became licensed in 1952 by passing the test in the City of White Plains, and is licensed in the Towns of Greenburgh, Mount Pleasant, North Castle, and the Village of Scarsdale, each as a result of a written test taken many

years ago. His license also extends to the Village of Larchmont. Mr. Gulick has not taken the County examination. His claim is based upon the fact that he could have worked in other municipalities by reciprocity prior to the present enactment.

Plaintiff Edward Hess passed the test and does hold a County license. It is not clear that Mr. Hess is aggrieved by the statute complained of, except as to the privacy claim.

## CONSTITUTIONAL ISSUES

The standards for granting summary judgment in this Circuit are so well known as to obviate the need for citation. We note, however, that all facts must be viewed in the light most favorable to the non-moving party. Plaintiffs' Constitutional claims are based essentially on the Fourteenth Amendment guaranty of equal protection and its protection against deprivation of property without due process.

## THE PRIVACY CLAIM

Applications for grandfathering and for new licenses for Journey Level or Master Plumbers require the applicant to submit his or her social security number on the form. The social security number thereafter is placed on the face of the license given to Master Plumbers. The license also contains an identification number. Master Plumbers are required to display the license conspicuously at the person's place of business show the license number on their truck, and make the license available for inspection at all times by any member of the public.

The Plumbing Licensing Law also required that applicants for either grandfathered, restricted licenses or new licenses submit proof of employment. The recommended form of proof is a copy of the federal W–2 income tax form issued to wage and salaried employees, authenticated by the Internal Revenue Service. Applicants were advised that if they did not submit satisfactory proof of employment that they would not be allowed to take the licensing exam. A form for submission to the IRS to request certified copies of W–2 forms was sent to all candidates for the Master Plumber's license examination. Plaintiff Russell asserts he was denied permission to take the County-wide examination a second time because he failed to submit his W–2 form or other documentation of employment history. Plaintiff Hess has received a County-wide Master Plumber's license without a W–2 submission. The Board has issued licenses to other applicants without a submitted W–2 form where adequate proof of work history was provided, but the instructions to applicants do not make this clear. On June 30, 1999, after this action was commenced, the Board voted to eliminate the social security number from the face of the Master Plumber's License, and will do so some time next year.

## RELIEF SOUGHT

Plaintiffs seek a final judgment declaring the grandfather clause of the Plumbing Licensing Act unconstitutional, in violation of the Equal Protection clause of the Fourteenth Amendment, declaring all pre-existing locality Master Plumber's licenses valid on a County-wide basis; declaring the Plumbing Licensing Law and certain administrative actions unlawful to the extent they condition application for licensure upon disclosure of social security numbers and/or W–2's; declaring the Plumbing Licensing Law and certain administrative actions unlawful to the extent they facilitate or require public disclosure of social security numbers or W–2s; permanently enjoining Defendants from soliciting social security numbers from applicants for licensure; permanently enjoining Defendants from imprinting social security numbers on Master Plumber licenses; and ordering Defendants to issue cards without the licensee's social security number imprinted on it.

## DISCUSSION

### (A) Constitutional Claims

■ The Fourteenth Amendment guaranty of Equal Protection is "the right to be

free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), *reh. denied,* 448 U.S. 917, 101 S.Ct. 39, 65 L.Ed.2d 1180 (1980). In order to prove that he has been subjected to actionable discrimination, "it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently." *Gagliardi v. Village of Pawling,* 18 F.3d 188, 193 (2d Cir.1994). Plaintiffs must show also that the distinction between similarly situated people rests on grounds irrelevant to a legitimate government interest.

Plaintiffs allege that they, as Master Plumbers, are similarly situated to Journey Level Plumbers, and that they were treated differently in connection with the grandfathering provisions of the Plumbing Licensing Law. Plaintiffs and Defendants agree that the mechanical skills, knowledge of the trade and tasks performed by Master and Journey Level Plumbers are the same, however, Journey Level Plumbers must work for a Master Plumber, while a Master Plumber may work independently and directly for the ultimate consumer.

Master Plumbers are ultimately responsible for compliance of any work with the applicable building, plumbing or sanitary codes. To become a Master Plumber requires a high level of skill and experience in the trade, and passing an examination. Plaintiffs argue, and the Court does not doubt, that many Journey Level Plumbers have more work experience than Master Plumbers. The licensing law sets a minimum threshold of experience and skill as a Journey Level Plumber that is needed to qualify to take the examination for a Master Plumber's License. These two separate categories of plumber have existed in the craft for more than a century, but in the smaller communities the distinction was not always observed.

▆ A legislative finding which treats the two classifications differently in an economic, or trade regulation context, is not capricious or unreasonable on its face. As pointed out earlier, at the very least the two classifications differ because only the Master Plumber deals with the user of plumbing services, while the Journey Level Plumber must always work at least nominally under the supervision of a Master Plumber.

▆ Defendants have articulated a justification for the different treatment of Journey and Master Plumbers. While this Court is somewhat skeptical about the whole scheme, which seems revenue oriented, because this case does not involve a suspect class or fundamental rights, the standard of review is whether Defendants' actions bore a rational relationship to *any* legitimate governmental interest. *Able v. United States of America,* 155 F.3d 628 (2d Cir.1998). Under the rational basis test, the burden is on the one attacking the legislation to disprove "every conceivable basis which might support it." *Id.* at 632. The governmental interest which is ostensibly intended to be served by the licensing provision is to protect the public health, safety and welfare of the residents of the County of Westchester, and to standardize access to a County-wide market for plumbing services which was previously Balkanized by the need to pass a test and pay for a license in each municipality, subject only to reciprocity where available.

Plaintiffs claim that because the Plumbing Licensing Law allows grandfathered Journey Level Plumbers to work anywhere in the County, but allows grandfathered Master Plumbers to work only in the municipalities in which they were previously licensed, or where no license was formerly required, there is a denial of equal protection. Joined by United Plumbers of Westchester, Inc., Amicus Curiae, they allege that there is no rational basis to allow one group of plumbers (Journey) to work County-wide without examination, while another (Master) is restricted to specific municipalities where previously licensed, or where no license was formerly

required. Defendants' offered rational basis is that the Journey Level Plumbers are in a different position from the point of view of public safety regulations because they are, at least in theory, supervised by the more skilled and experienced Master Plumbers. Master Plumbers, it is argued, are more affected by the public interest because only Master Plumbers can supervise plumbing work, deal with customers, or bid on public jobs. Allegedly, this justifies a more restrictive grandfathering scheme. Because a rational person could reach this conclusion, this Court cannot substitute its own views or those of the Plaintiffs, for those of the County legislature. In any event, grandfather clauses are the exception to any rule. The legislative power, if so advised, could have eliminated *any* grandfather rights and required everybody to take a fair examination for professional competency before continuing to engage in the plumbing craft.

■ The purpose of the grandfather clause is designed to allow all plumbers to work in those localities where they were allowed to work before the Plumbing Licensing Law was passed, without having to pass a new County examination. Because Journey Level Plumbers were not required to be licensed anywhere before the Law was enacted, the grandfather clause applicable in their case allows them to continue working County-wide, as they could before. Master Plumbers, on the other hand, were required to be licensed

separately in each municipality (subject to reciprocity where available). For that reason, the grandfather clause allows them to continue only in the municipalities in which they were licensed previously[1]. This scheme, whatever its merits, does not violate the Equal Protection clause. There is a very strong presumption of validity attached to trade regulation statutes such as this local law, when challenged on equal protection grounds. As the Supreme Court held in *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979):

> The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted. Thus, we will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.

*Vance* is cited with approval in *701 Pharmacy Corp. v. Perales*, 930 F.2d 163, 169 (2d Cir.1991).

■ Plaintiffs also claim that the Plumbing Licensing Law deprives them, without due process, of their pre-existing right to reciprocity in those local municipalities which had such provision. Plaintiffs do not have a property interest in

---

1. As a vivid example of the unfairness of this statute, Plaintiffs cite the comparable situation of licensed electricians. In an economic context, it would not be unconstitutional to have a different licensing scheme for plumbers than for electricians. As to the electricians, the County apparently granted County-wide licensure to electricians who had been licensed in any single community when the licensing scheme began. The record shows that as to electricians, there was County-wide reciprocity when the licensing was administered in the local communities. The legislators must have thought that there was a distinction because electricity flows through wires and the water and sewage flow through pipes. A statute may be underinclusive with-

out necessarily rendering another statute unconstitutional. We do note in passing that the work of any electrician is usually connected to a public utility which maintains a high level of inspection, and most premises are inspected by the New York Board of Fire Underwriters whenever electrical installations are made. Even in the present regulatory climate in Westchester County, where no plumbing permit is required, e.g. replacement of existing plumbing fixtures in a residence, the work can be done and often is done by unlicensed personnel who are handy with tools, and there is no inspection. That electricians are treated differently does not support a finding of unconstitutionality with respect to plumbers on equal protection grounds.

licenses they did not possess. The rights of Master Plumbers to get reciprocal licenses were not vested, as any municipality could have revoked its reciprocity policies prospectively at any time, for any reason, or without a reason. The right to have a license honored by reciprocity in another community is at most an expectation, not a property right. A property interest must derive from existing rules or mutually explicit understandings in order to come within the protection of the due process clause. *Colson v. Sillman*, 35 F.3d 106, 108 (2d Cir.1994). The County was not a licensing authority when the reciprocity expectations were created, and such reciprocity as existed could have been terminated prospectively at any time. The fact that Plaintiffs did not seek prior to 1996 to apply and pay for licenses in all municipalities in which they then enjoyed reciprocity does not equate to a County failure to provide due process. Had Plaintiffs obtained the reciprocal licenses for which they were eligible before January 1, 1996, they would have been grandfathered into all of the municipalities involved in the reciprocal arrangement. The Court finds no due process or equal protection violation in the failure or refusal of the County to grandfather the reciprocity expectations.

Plaintiffs complain that the adoption of the Plumbing Licensing Law deprived them of their right to bid on County jobs. Bidding rules for County jobs are not regulated by the Plumbing Licensing Act, but rather by the County's Department of Public Works. Any Master Plumber can bid on County jobs if he or she obtains or has a County wide license, or if the proposed job is located in a municipality covered by his or her restrictive grandfathered license. This is not a Constitutional violation.

### (B) *The Privacy Act Violation*

▪ Plaintiffs claim that Defendants have violated § 7 of the Right to Privacy Act, Pub.L. 93–579, § 7, 88 Stat. 1896, 1909 (1974), reprinted in 5 U.S.C. § 552a note (1982) (Disclosure of Social Security Number) (the "Act"), by requiring social security numbers and W–2 tax forms to be submitted with an application for a Master Plumbers license. The Act states:

(a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

(b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

Plaintiffs contend that Defendants violated both Sections 7(a) and 7(b) of this act. This Court agrees.

Section 277.505 of the Plumbing Licensing Law requires that defendant Board "examine the qualifications, fitness and employment history, including W–2 tax forms, of applicants for a license." The Law also requires that applicants submit proof of employment with the application. "Proof of employment shall be, but is not limited to, W–2 tax forms and notarized statements of hours worked from employers or benefit funds." Plumbing Licensing Law § 277.507. Plaintiff suggest that this requirement of W–2 tax forms, which contain the applicants social security number, violates § 7(a) of the Act. Plaintiffs argument ignores the language "but is not limited to" which precedes the words "W–2 tax forms" in the Plumbing Licensing Law. Additionally, § 277.505 was not cited to applicants during the process. Only §§ 277.507 and 506(B)(1) were presented to them. Section 277.506(B) makes no references to documentation.

Plaintiff Russell claims he was denied permission to take the examination when he refused to supply W–2 tax forms. However, the evidence submitted shows

Mr. Russell was denied the right to take the examination because he failed to submit *any* form of proof of the required work experience. As noted earlier, Defendants have not required W–2 forms as the only form of proof, and have in fact accepted other forms. Plaintiff Hess received his County-wide Master Plumber license without submitting a W–2 form.

■ Defendants violated § 7(b) of the act in connection with the application process by failing to notify applicants that providing social security numbers was optional. The application form for a Master Plumber's license has a space for the applicant's social security number. Applicants were led to believe that the submission was mandatory because they were told that the form had to be fully completed or it would be sent back. Defendants neither informed applicants that providing the social security number was optional, nor provided statutory authority by which the social security number was solicited, and there is none.

■ Defendants did not inform applicants that their social security number would be put on the face of the license. Because the Law requires the license to be displayed conspicuously in the place of business, the license holders social security number would be displayed to the public. The placement of the social security number on the license is not required by any express provision of the Plumbing Licensing Law. Rather, it appears to be the result of thoughtless bureaucratic bungling, and has been abandoned prospectively as a direct consequence of this lawsuit.

The record before this Court shows that applicants for licensure as Master Plumber were made to understand that they must disclose their Social Security Number, and such numbers were placed on the license, which in turn was required to be displayed at the place of business. The record also shows that the County intends to issue new licenses some time next year which will be in compliance. This is inadequate relief. Plaintiffs are entitled to summary judgment in their favor which shall require the defendant Board to inform applicants that the disclosure of their Social Security Number is not mandatory, and that they may use a different identification number, and that the disclosure of W–2 forms which contain a Social Security Number is not required unless the applicant wishes to use that form as evidence of prior employment, in which event the Social Security Number may be redacted.

■ Although not briefed, the Court notes the independent confidentiality of federal income tax returns and return information. See generally 26 U.S.C. § 6103. Clearly, the Board could not obtain W–2 forms of a taxpayer from the United States Treasury. The procedure apparently in use, of asking applicants as a condition of processing their application, to request a certified copy of their W–2 forms from the Treasury Department would seem to be an unjustified intrusion in the confidentiality of income tax returns which Congress has promised to federal taxpayers. The Board being unable to get the copies directly from the Treasury should not be permitted to do so indirectly by coercion, as a condition precedent of taking the Master Plumber examination. Plaintiffs are entitled to relief on this point also.[2] Applicants should not be required to do more than submit competent proof as to how long and where they served as plumbers.

*CONCLUSION*

Defendants are entitled to summary judgment in their favor on the Constitu-

2. As the Board membership consists in part of Master Plumbers who are in competition with their applicants, sensitive information about earnings, taken from the W–2 forms, may have a detrimental effect on the applicants as well as the interest of the public in fair competition. The relevant issue for licensure is not how much the applicant earned, but how long he was actively engaged in the craft prior to taking the examination.

tional claims. Plaintiffs are entitled to summary judgment in their favor on the privacy claims, granting injunctive relief consistent with this decision. Plaintiffs and the Amicus Curiae are prevailing parties as to the latter claim and are entitled to a reasonable counsel fee for services necessary to that branch of this litigation.

Settle a final judgment on ten (10) days notice, to be submitted together with a computation of the lodestar fee attributable to those matters as to which Plaintiffs and the Amicus Curiae prevailed.

SO ORDERED.